800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles P. ANCONA, Appellant,
v.
Lawrence W. UMSTADTER, Appellee.
Charles P. ANCONA, Appellee,
v.
Lawrence W. UMSTADTER, Appellant.
Charles P. ANCONA, Appellee,
v.
Lawrence W. UMSTADTER, Appellant.
 Nos. 85-1470, 85-1471 and 85-1603.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 7, 1985.
Decided Sept. 10, 1986.
 
 Kevin P. Roddy (Lloyd T. Smith, Jr.; Smith, Taggart, Gibson & Albro, on brief), for appellant/cross-appellee.
 J. Benjamin Dick, for appellee/cross-appellant.
 W.D.Va.
 AFFIRMED in NOS. 85-1470 and 85-1471.
 VACATED AND REMANDED in No. 85-1603.
 Before WIDENER and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's grant of summary judgment in an action on a settlement agreement. The defendant, Lawrence W. Umstadter, appeals from the district court's grant of summary judgment to the plaintiff, Charles P. Ancona. Umstadter also appeals from the district court's stay of discovery pending disposition of the plaintiff's motion for summary judgment, and from the district court's issuance of a certificate of judgment while an appeal was pending. Ancona appeals from the district court's refusal to grant him attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. We affirm in part and vacate and remand in part.
 
 
 2
 The controversy in this case arises out of Umstadter's refusal to honor a settlement agreement. The parties had ' negotiated the agreement in a previous suit in which Ancona and one John B. Rogan had sued Umstadter for one-third of the liability on certain guaranty agreements that each had executed to secure an indebtedness of the Ivy Construction Company to the present Sovran Bank. In this previous suit, Ancona and Rogan had sought a total recovery of $36,504.76. At the close of the plaintiff's case in the trial on that suit, counsel for the parties engaged in discussions that resulted in a settlement of their dispute.
 
 
 3
 Pursuant to this settlement agreement, Ancona and Rogan agreed to accept the sum of $27,813.15 as Umstadter's share of the liability on the guaranty agreements in controversy. Additionally, Ancona, Rogan, and Umstadter each acknowledged liability on a $65,000 letter of credit issued by the present Sovran Bank. This letter of credit was not part of the suit in which settlement was reached. Rather, the $65,000 letter of credit was to secure a supersedeas bond in a case then pending before the Virginia Supreme Court styled Construction Co. v. Booth, 226 Va. 283 (1983). At the time of the settlement agreement, judgment had been entered against Ivy Construction Company, and the Virginia Supreme Court had granted an appeal which was pending. Approximately one year after the parties entered into the settlement agreement in question, the Virginia Supreme Court ruled against Ivy Construction Company. Sovran Bank then made demand upon Ancona, Rogan, and Umstadter under the guaranty that they each had given for the letter of credit securing Ivy Construction Company's supersedeas bond. Rogan and Ancona paid their portion of the demand. Because Umstadter refused to pay his portion, Ancona paid for him. Ancona then brought suit against Umstadter for the remaining one-third of the guaranty obligation with respect to the letter of credit for which Umstadter had agreed to be responsible in the settlement agreement.
 
 
 4
 After protracted, acrimonious proceedings, the district court granted Ancona's motion for summary judgment. In its well reasoned and exhaustive opinion, the district court addressed each of the defendant's proffered defenses to the enforcement of the settlement agreement and found them each to be without merit. The district court also affirmed the order of a magistrate in the case staying discovery pending disposition of the summary judgment motion. Finally, the district court denied Ancona's motion for attorney's fees pursuant to Rule 11 on the ground that although the defendant's defenses were all without merit, they were not frivolous and did not merit the imposition of sanctions. On May 8, 1985, while this appeal was pending, Ancona requested that the district court issue a certificate of judgment for purposes of registering his judgment against Umstadter in the district court in Florida. Relying on a decision in this circuit that we have vacated and withdrawn 9 see Kaplan v. Hirsh, 696 F.2d 1046 (4th Cir.), vacated and with drawn, 765 F.2d 421 (1982) (en banc), the district court issued the requested certificate of judgment. Both parties appeal. We affirm.
 
 
 5
 With regard to Umstadter's appeal of the district court's grant of summary judgment in favor of Ancona, the district court cogently discussed and properly disposed of each of Umstadter's six proffered defenses. Consequently, we affirm the district court's grant of summary judgment on the basis of the district court's opinion.
 
 
 6
 With regard to Umstadter's appeal from the district court's affirmance of the magistrate's stay of discovery pending disposition of Ancona's motion for summary judgment, the issue arose as a result of Umstadter's filing of notice to take depositions of Harold Umstadter and Wayne Booth. In response to Umstadter's notice, Ancona filed a motion for a protective order prohibiting the taking of these depositions. Ancona argued that the deposed witnesses could impart no factual evidence relevant to the issues in the case and that if Umstadter was attempting through these depositions to develop evidence in opposition to the motion for summary judgment, there were other, less expensive methods to do so, namely affidavits from those individuals deposed. The district court referred this discovery dispute to the local federal magistrate for resolution. The magistrate granted Ancona's motion for a protective order and issued an order suspending all discovery pending the district court's ruling on Ancona's motion for summary judgment. The district court affirmed this ruling in it opinion granting summary judgment to Ancona .
 
 
 7
 The issuance of such a protective order is within the district court's discretion. See 4 MOORE'S FEDERAL PRACTICE I 26.70[2), at 26-461 (2d ed. 1984). While depriving a party of the opportunity to depose a material witness in favor of an affidavit from the witness may usually call for reversal in ordinary circumstances, upon examination of the record in this case, we do not consider the district court's decision to uphold the issuance of the protective order to constitute an abuse of discretion because there was no prejudice to the merits of a defense in that the district court allowed Umstadter to accompa ny his response to the motion for summary judgment with the affidavits of both Harold Umstadter and Booth, whose depositions the protective order forestalled. See Brennan v. International Bhd. of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), which upheld a district court's issuance of protective order staying discovery that was within district court's discretion and in no way prejudiced appellant. Consequently, we affirm the district court's stay of discovery pending its disposition of the summary judgment motion .
 
 
 8
 Finally, Umstadter appeals from the district court's issuance of a certificate of judgment pending appeal. The U. S. District Court for the Southern District of Florida, the only district to our knowledge in which the judgment has been registered, has already sustained Umstadter's position by vacating Ancona's registration of the judgment. We have not been advised of any other registration of the judgment. Thus, because another court has already granted Umstadter complete relief, we are of opinion the point of the propriety of the issuance of the certificate of judgment is moot. Consequently, we do not consider the merits of the question.[1]
 
 
 9
 Ancona appeals from the district court's denial of attorney's fees. Ancona had claimed, and continues to claim, that Umstadter did not bring his alleged defenses after reasonable inquiry, but rather interposed these numerous defenses to harass Ancona, cause delay, and increase the cost of this litigation. The district court disposed of each of Umstadter's alleged defenses as being without merit. Significantly, however, although annoyed, the district court did not conclude that any of the alleged defenses were frivolous, and refused to grant attorney's fees to Ancona. The district court, aware of the recent amendments to Rule 11 that change the standard for the imposition of sanctions, was in a better position than are we to determine the propriety of the imposition of attorney's fees for the filing of frivolous defenses. Consequently, having no basis for concluding that the district court abused its discretion in this regard, we affirm its determination not to award attorney's fees to Ancona pursuant to Rule 11.
 
 
 10
 In summary, the district court ' § grant of summary judgment to the plaintiff, stay of discovery pending disposition of the summary judgment motion, and denial of attorney's fees are all affirmed. The question of the issuance of the district court's issuance of the certificate of judgment pending appeal is moot. Accordingly, the judgment of the district court in Nos. 85-1470 and 85-1471 is
 
 
 11
 AFFIRMED.
 
 
 12
 The order of the district court appealed from in No. 85-1603 is vacated and . the case is remanded for Ancona's request to be dismissed as moot.
 
 VACATED and REMANDED
 
 
 [1]
 We should state, however, that the district court's issuance of the certificate of judgment pending appeal was questionable at best because the opinion on which the district court relied in issuing the certificate, Kaplan v. Hirsch, 696 F.2d 1046 (4th Cir. 1982), was vacated and withdrawn by it en banc court. See 765 F.2d 421 (1982) (en banc). Kaplan, 696 F.2d 1046, is no longer binding precedent and the question is undecided in this circuit